IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 07-00268 JMS  (04) |
| | ) | (Civ. No. 16-000244 JMS-KSC) |
| Plaintiff-Respondent, | ) | |
| | ) | ORDER DISMISSING |
| vs. | ) | DEFENDANT-PETITIONER'S |
| | ) | MOTION UNDER 28 U.S.C. § 2255 |
| WILSONIS AYALA-VILLANUEVA, | ) | TO VACATE, SET ASIDE, OR |
| (04) | ) | CORRECT SENTENCE BY A |
| | ) | PERSON IN FEDERAL CUSTODY |
| Defendant-Petitioner. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**ORDER DISMISSING DEFENDANT-PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY**

**I.  INTRODUCTION**

Defendant-Petitioner Wilsonas Ayala-Villanueva ("Defendant"),

proceeding pro se, has filed a Motion Under 28 U.S.C. § 2255, to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"),

Doc. No. 841, making a claim that (1) essentially has twice previously been denied

on collateral review, and (2) in any event, must be brought under 28 U.S.C.

§ 2241.  *See, e.g.*, *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984)

(holding that a claim seeking federal sentencing credit for time spent in prior

custody cannot be raised under § 2255, but may be brought under § 2241).

Construing the § 2255 Motion as a § 2241 petition, the court lacks jurisdiction to consider the merits because it must be brought in the district where the petitioner is in custody (and Defendant is currently in custody in Oregon, not Hawaii). *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("[A] § 2241 petition must be filed in the district where the petitioner is in custody."). Accordingly, the action is DISMISSED without prejudice to being re-filed in the district of Defendant's confinement.

## II. BACKGROUND[1]

The court sentenced Defendant on July 7, 2008 to a term of 168 months imprisonment after he pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine. Doc. No. 474 (Judgment); Doc. No. 345 (Plea Agreement). Defendant was arraigned on August 24, 2007, Doc. No. 153, based on an indictment returned on May 31, 2007. Doc. No. 1. Prior to his arraignment, Defendant was in custody of the Bureau of Immigration and Customs Enforcement ("ICE") on an immigration detainer. ICE had held him from approximately April 15, 2005 until August 19, 2007, when he was transferred to the District of Hawaii for arraignment in this case. *See, e.g.,*

---

[1] The court sets forth only the background necessary to explain why Defendant's § 2255 Motion must be dismissed.

Doc. No. 683, Order at 2-3, 20 n.14; Doc. No. 642-3, Kagiwada Decl. ¶ 4.

Defendant had originally been arrested by investigators in this case on March 2,

2005 on Molokai, and he was subsequently detained and transferred to Nevada

based on an outstanding warrant for a parole violation.  Doc. No. 683, Order at 2.

Thereafter, he was transferred to ICE on the immigration detainer.

When the court sentenced Defendant on July 7, 2008, the court

specifically considered the prior custody, and substantially reduced the sentence it

otherwise would have imposed, given that Defendant had been held for 28 months

by ICE on the immigration detainer (without otherwise receiving credit by the

Bureau of Prisons).  *See* Doc. No. 636, Sentencing Tr. at 3, 11, 14, 18, 29.  In

considering the prior custody, along with sentencing factors in 18 U.S.C.

§ 3553(a), the court's 168-month sentence was well below the Sentencing

Guidelines advisory range of 210 to 262 months.  *See id.* at 5.

On April 2, 2009, Defendant filed a Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence ("First § 2255 Motion").  Doc. No. 613.

The First § 2255 Motion raised several grounds, including that his counsel was

ineffective in failing to seek or obtain credit for time served in ICE custody.  *Id.* at

5-6, Doc. No. 683, Order at 23.  The court denied the First § 2255 Motion on

October 23, 2009, reasoning in part that counsel was not ineffective because she

had indeed raised the issue (and this court had in fact reduced Defendant's

sentence in light of the prior ICE custody).  *Id.*  The court also denied a certificate

of appealability.  Doc. Nos. 683, 691.  On appeal, the Ninth Circuit also denied a

request for a certificate of appealability.  Doc. No. 724.

Meanwhile, Defendant filed a Petition for Writ of Habeas Corpus

under 28 U.S.C. § 2241 in the U.S. District Court for the Western District of

Texas, seeking credit on his 168-month federal sentence for the period from April

15, 2005 (when he was taken into custody by ICE), until May 30, 2007 (when the

Indictment was filed).  *See* Doc. No. 841, Mot. at 2; *see also Ayala-Villanueva v.*

*Pearce*, No. 13cv00415 (W.D. Tex. Feb. 14, 2014) (Doc. No. 19, Order Denying

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, at 3).  The District

Court of the Western District of Texas denied the § 2241 petition on February 14,

2014, reasoning in part that Defendant had "effectively been granted credit on his

sentence for the time he spent in ICE custody" because this court had taken that

custody into account when imposing Defendant's 168-month sentence.  *See Ayala-*

*Villanueva v. Pearce*, No. 13cv00415 (W.D. Tex. Feb. 14, 2014) (Doc. No. 19,

Order Denying Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, at 5).[2]

---

[2] At the time of sentencing, Defendant's citizenship status was being contested
(immigration authorities considered him to be removable as a non-United States citizen), but on
(continued...)

On January 2, 2015, Defendant filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c) based on Amendment 782 to the Sentencing Guidelines ("Motion to Reduce Sentence"). Doc. No. 821. The court denied the Motion to Reduce Sentence on June 23, 2015, determining that Defendant did not qualify for a sentence reduction because he had received a sentence within the revised guideline range of 168 to 210 months. Doc. No. 836, Order at 3-4 (citing U.S.S.G. § 1B1.10(b)(2)(A)).

On May 17, 2016, Defendant filed the instant § 2255 Motion. Doc. No. 841. He raises two claims for relief. First he contends that "I have never been given any sentencing credit for the time in ICE custody from April 15, 2005." *Id.* at 4. Second, he contends that this court "denied the motion 3582 because introduced (sic) a variance in granting a reduction due to 'harsh time' . . . The ICE detention argued in Ground One further should reduce the sentence to 140 months." *Id.* at 5.

///

///

---

[2](...continued)
August 23, 2011, the United States Citizenship and Immigration Service determined that Defendant is a United States citizen. *See* Doc. No. 805-2. The Judgment was amended on January 15, 2014 to remove a condition of supervised release that Defendant submit to removal proceedings as required by the Department of Homeland Security. *See* Doc. No. 806.

### III.  **DISCUSSION**

Both of the claims in Defendant's § 2255 Motion seek -- for at least

the third time -- sentencing credit for pre-indictment time spent in ICE custody.

"A motion under § 2255 is generally the exclusive remedy for a federal prisoner

who seeks to challenge the legality of confinement." *Muth v. Fondren*, 676 F.3d

815, 818 (9th Cir. 2012) (citing *Stephens*, 464 F.3d at 897)).  But a claim for

sentencing credit "challenges the Attorney General's execution of sentence rather

that the district court's imposition." *Giddings*, 740 F.2d at 772.  "A petition under

section 2255 can test only the propriety of the sentence imposed, not the manner

of execution." *Id.* (citations omitted).  Rather, "[r]eview of the execution of a

sentence may be had through [a] petition for a writ of habeas corpus under 28

U.S.C. § 2241." *Id.*  Accordingly, Defendant's § 2255 Motion is construed as a

§ 2241 petition that challenges the execution of his sentence.[3]

But doing so, however, renders the court without jurisdiction to

review the merits of the challenge.  Defendant is currently confined at the

Sheridan Federal Prison Camp, in Sheridan, Oregon.  *See* Doc. No. 841, Mot. at 1;

*see also* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/

---

[3]  The court must determine at the outset whether a habeas corpus petition filed by a
federal prisoner is pursuant to § 2241 or § 2255.  *See Hernandez v. Campbell*, 204 F.3d 861, 865
(9th Cir. 2000).

inmateloc/ (last accessed June 13, 2016) (indicating Defendant is currently located

at Sheridan Federal Correctional Institution, with a release date of Aug. 10, 2018).

And "§ 2241 petitions must be filed in the district where the petitioner is

confined[.]" *Muth*, 676 F.3d at 818.  The court thus "lacks jurisdiction to consider

[Defendant's] § 2241 Petition because [he] is not incarcerated within the District

of Hawaii." *United States v. Greenfield*, 2011 WL 3047706, at *2 (D. Haw. July

22, 2011) (dismissing § 2241 petition challenging amount of credit for pre-trial

custody, without prejudice to refiling in place of incarceration).[4]

---

[4] And if Defendant's § 2255 Motion is *not* construed as being brought under § 2241, then this court also lacks jurisdiction to consider the merits because it would be a "second or successive" habeas motion, and Defendant has not obtained certification from the Ninth Circuit before filing it in this court.  *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]"); § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Absent such certification, this court lacks jurisdiction.  *See, e.g.*, *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015).

　　　Ninth Circuit Court Rule 22-3(a) states "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."  The court, however, does not refer the § 2255 Motion to the Ninth Circuit because it is seeking relief only obtainable under § 2241 in the present posture.

　　　Further, the court declines to transfer the action to the District of Oregon under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631, which allow transfer "in the interest of justice."  Here, Defendant has twice raised (and lost) the issue of credit for prior ICE custody on collateral review -- a further petition would appear to be fruitless, and thus transferring would not be "in the interest of justice."  *See, e.g.*, *Amity Rubberized Pen Co. v. Market Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (reiterating that a transfer may not be in the interest of justice "where no colorable claim for relief has been shown") (quoting *Clark v. Busey*, 959 F.2d 808, 814 (9th Cir. 1992)).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, this court DISMISSES this matter without

prejudice. Defendant, however, may attempt to re-file the action in the jurisdiction

of his confinement. To the extent necessary, the court DENIES a certificate of

appealability -- reasonable jurists would not find the court's rulings debatable.

*See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate

of appealability should issue only if a prisoner shows, among other things, "that

jurists of reason would find it debatable whether the district court was correct in

its procedural ruling"). The Clerk of Court is directed to close the case file in this

District.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 14, 2016,



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Ayala-Villanueva*, Cr. No. 07-00268 JMS, Order Dismissing Defendant-Petitioner's Motion Under 28 U.S.C. § 2855 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody